IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                                                                          2:22-cr-00413 MIS

OLVIN NAHUN RIVERA-LOPEZ,

    Defendant.

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court on Defendant's Amended Motion to Dismiss the Indictment.[1] ECF No. 30. Plaintiff responded to Defendant's Motion, and the Court ordered Defendant to submit supplemental briefing. ECF Nos. 34, 36. Defendant then filed supplemental briefing and a reply. ECF Nos. 37, 38. Having considered the parties' submissions, the record, and the relevant law, the Court will deny the Motion, as Defendant has not met his burden to show the previous removal order's entry was prejudicial and thus fundamentally unfair. Without evidence of a reasonable likelihood that Defendant would have obtained relief from deportation, the Motion cannot succeed.

## BACKGROUND

On February 25, 2015, Defendant entered the United States and was provided with a Notice to Appear ("NTA") that the parties agree was defective. ECF No. 30 at 7; ECF No. 34 at 1–2. Specifically, the NTA listed the time of the hearing as "a date to be set at a time to be set," in lieu of a date certain. ECF No. 30 at 4; ECF No. 34 at 2.

---

[1] Defendant's original Motion to Dismiss the Indictment was subject to a technical error whereby his exhibits were not uploaded. ECF No. 30 at 1, n.1; *see also* ECF No. 29.

Defendant was then ordered removed in absentia on November 18, 2015. ECF No. 30 at 9; ECF No. 34 at 2.

In January 2016, Defendant was arrested for misdemeanor possession of drug paraphernalia, and then released under an Order of Supervision. ECF No. 30 at 10–11; ECF No. 34 at 7. In 2017, a North Carolina court sentenced him to 58–82 months of imprisonment for three counts of armed robbery, which is considered an aggravated felony under 8 U.S.C. § 101(a)(43)(B). ECF No. 5 at 3–4. On November 12, 2021, he was removed from the United States. ECF Nos. 5, 34-2. Defendant was indicted by a grand jury for illegally reentering the United States on March 11, 2022. ECF No. 34 at 3; *see also* ECF No. 1.

Defendant, in his Motion to Dismiss the Indictment, argues that because his initial NTA was defective, neither his removal in absentia nor his subsequent actual removal can be used as the predicate removal for the underlying offense, and the indictment should therefore be dismissed. ECF No. 30 at 5. Defendant does not contest the allegations within the indictment, but instead brings a collateral attack pursuant to 8 U.S.C. § 1326(d). *See* ECF No. 30.  On July 18, 2022, the undersigned directed Defendant to file supplemental briefing on the proportion of immigrants who requested voluntary departure who were afforded relief, and Defendant submitted supplemental briefing on July 26, 2022. ECF Nos. 36, 37.

## LEGAL STANDARD

Illegal reentry under 8 U.S.C. § 1326(a) requires the United States to prove the following: (1) the defendant "has been denied admission, excluded, deported, or removed

2

or has departed the United States while an order of exclusion, deportation, or removal is outstanding," and (2) the defendant, thereafter, "enters, attempts to enter, or is at any time found in the United States," without the express consent of the Secretary of Homeland Security. A defendant may collaterally attack the legality of a prior deportation order pursuant to 8 U.S.C. § 1326(d).

Section 1326(d) permits an alien charged with violating § 1326 to obtain dismissal of the indictment if he or she proves *all* of the following:

> (1) the alien exhausted any administrative remedies that may have been available to seek relief against the order;
> (2) the deportation proceedings at which the order was issued improperly deprived the alien of the opportunity for judicial review; and
> (3) the entry of the order was fundamentally unfair.

8 U.S.C. §§ 1326(d)(1)–(3). "Because a final deportation order enjoys a presumption of regularity," the burden is on the defendant to "prove each of § 1326(d)'s elements to overcome the presumed legality of the earlier deportation order." *United States v. Adame-Orozco*, 607 F.3d 647, 651 (10th Cir. 2010). "[E]ach of the statutory requirements of § 1326(d) is mandatory." *United States v. Palomar-Santiago*, 141 S. Ct. 1615, 1622 (2021); *see also United States v. Gonzalez-Sierra,* 2022 WL 1045700 at *2 (D.N.M. Apr. 7, 2022).

## DISCUSSION

Defendant argues that the Court should dismiss the indictment, contending that he is excused from exhaustion of administrative remedies as none were available to him, that he was improperly deprived of judicial review given he was not served with the final removal order, and that the entry of the order was fundamentally unfair. ECF No. 30 at

3

25. In particular, he argues that his due process rights were violated by defects in his underlying deportation proceeding, and that he suffered prejudice, contending that if the NTA had not been defective, he would have been granted voluntary departure. *Id*. at 21. Plaintiff concedes that there was defect in the underlying removal proceedings, but argues that Defendant has failed to meet his burden to show prejudice—and thus, has failed to show fundamental unfairness. ECF No. 34 at 10–11.

An underlying order is fundamentally unfair if (1) the defendant's due process rights were violated by defects in his underlying deportation proceeding, and (2) the defendant suffered prejudice as a result of the defects. *United States v. Vargas-Ortiz*, 667 F. App'x 699, 700 (10th Cir. 2016) (quoting *United States v. Alvarado-Pineda*, 774 F.3d 1198, 1201 (9th Cir. 2014)). In order to show prejudice, the defendant must show a "reasonable likelihood that [he] would have obtained relief from deportation" in the absence of the defect. *United States v. Aguirre-Tello*, 353 F.3d 1199, 1209 (10th Cir. 2004).

Here, Defendant argues that in the absence of the defect in the NTA, there is a reasonable likelihood that he would have obtained relief from deportation because at the time the NTA was issued, Defendant was eligible for voluntary departure. ECF No. 30 at 22. Specifically, Defendant states that at that time he "had not been convicted of an aggravated felony, had no prior criminal or immigration history and his family had the means of assisting him" financially in a voluntary departure. *Id.* Defendant also argues that it is likely this request would have been granted, because it was permissible under

the factors set forth in the Inspector's Field Manual, an internal document used by immigration officers. *Id.* at 23.

However, Defendant was unable to provide the Court with statistics specific to requests for voluntary departure. *See* ECF No. 30 at 24; ECF No. 37 at 1 ("[C]ounsel believes that such data is not publicly available."). Defendant also failed to provide some other evidence, such as an affidavit of an attorney practicing immigration law in the court in which Defendant was removed in absentia at that time, or any other evidence that in the absence of the defect in the NTA, there is a reasonable likelihood that Defendant would have obtained relief from deportation. *See* ECF Nos. 30, 37, 38. The Court therefore finds that Defendant has failed to meet his burden to show prejudice, and thus has failed to show that the entry of the order was fundamentally unfair under 8 U.S.C. § 1326(d). Because it is Defendant's burden to show all three elements to overcome the presumed legality of the deportation order, the Court will not address the remaining elements, and will deny his Motion. *Palomar-Santiago*, 141 S. Ct. at 1622; *Adame-Orozco*, 607 F.3d at 651.

## CONCLUSION

**IT IS THEREFORE ORDERED** that Amended Motion to Dismiss the Indictment, ECF No. 30, is **DENIED**.

_____
**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE